**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **NICHOLAS HUTCHISON;**<br>**GPN PROPERTIES, LLC,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**JULIA KOLAROV;**<br>**DIANE RUSSELL;**<br>**HOMESMART STELLAR REALTY;**<br>**VRM MORTGAGE SERVICES,**<br><br>**Defendants,**<br><br>**and**<br><br>**DOUGLAS A. COLLINS, Secretary of Veterans Affairs, in his official capacity,**<br><br>**Intervenor-Defendant.** | **Case No. 25-cv-00340-SEH-CDL** |

## OPINION AND ORDER

Before the Court is Intervenor-Defendant Douglas A. Collins's ("the government's") motion to dismiss for lack of subject-matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). [ECF No. 17]. The government argues, among other things, that this Court lacks jurisdiction over "the claims asserted in the First Amended Complaint" because Plaintiffs "entered into a contract with the United States Department of Veterans Affairs for the sale of residential property" and "request specific performance … from a

department of the federal government." [*Id*. at 9]. In response, Plaintiffs Nicholas Hutchinson and GPN Properties, LLC argue, among other things, that this case should be remanded instead of dismissed, because removal was improper under 28 U.S.C. § 1442(a)(1). [ECF No. 18]. The government replies that the Court should not remand the action to state court, because "this court cannot confer jurisdiction on the state court to rule on the disposition of federally owned property …." [ECF No. 23].

In response to a recent show cause order, Plaintiffs urge that the case be remanded because "the parties agree that this Court **lacks subject matter jurisdiction**[.]" [ECF No. 37 at 4] (emphasis in original). Plaintiffs further request that that Court "resolve the pending jurisdictional" issues before determining any merit issue. [*Id*. at 7]. In a miscellaneous motion filed by Defendant VRM Mortgage Services ("VRM"), counsel for VRM states in an email attached to the motion that "the jurisdictional issue was only agreed to by the VA … but [he has] no particular preference as to the court [VRM is] in[.]" [ECF No. 38-2 at 2]. Defendants Diane Russell and Homesmart Stellar Realty have not made any filings in this Court. Defendant Julia Kolorav has yet to be served.

To be sure, the government had the right to remove this case to federal court. *See* 28 U.S.C. § 1442(a)(1) ("A civil action … commenced in a State court against [the United States or its agent] may be removed by them to the

district court.”). However, because the Plaintiffs and the government agree that this Court lacks subject matter jurisdiction, the case must be remanded back to the state court.[1] *See* 18 U.S.C. § 1447(c) (“If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.”).

Although the government argues that dismissal of all claims is necessary under Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction, the Court finds remand appropriate under the circumstances. Though not directly on point, *Fent v. Okla. Water Res. Bd.*, 235 F.3d 553 (10th Cir. 2000) provides guidance. In *Fent*, the government removed a state law qui tam action to federal court under 28 U.S.C. § 1442(a)(1) and raised sovereign immunity as a defense. 235 F.3d at 555. Unlike here, state and federal government agencies were named defendants in *Fent*. The Tenth Circuit found that the government “properly removed [the] action on the basis of a valid assertion of its sovereign immunity” and affirmed dismissal of the claims asserted against it. *Id*. at 557. However, “when the district court concluded that the state defendants had raised a valid Eleventh Amendment defense to the only part of the case

[1] The government notes its limited waiver of sovereign immunity for contract disputes through the Tucker Act, and this Court’s concurrent jurisdiction with the Court of Federal Claims. [ECF No. 17 at 5–6]. However, the government also points to 28 U.S.C. § 1346(a)(2), which limits this Court’s concurrent jurisdiction for contract claims not exceeding $10,000 and the purchase price identified in the contract at issue, which indicates an amount of $349,000. [*Id*. at 6 n.3; ECF No. 17-1 at 2].

not barred by federal sovereign immunity, it necessarily recognized its lack of subject matter jurisdiction over the action." *Id*. at 559. The Tenth Circuit found "the district court erred by dismissing the action rather than remanding." *Id*. (quotation omitted). Accordingly, the Tenth Circuit remanded, with directions to the district court to remand the claims asserted against the state defendants back to Oklahoma state court. *Id*. Likewise, here, because Plaintiffs sued private parties and the Court lacks subject matter jurisdiction over the action, remand is appropriate.[2]

**IT IS THEREFORE ORDERED** that this case be REMANDED to the District Court of Tulsa County, State of Oklahoma. The Court Clerk is hereby directed to remand this case to the Tulsa County District Court.

As a result of this order, the pending motions [ECF Nos. 17, 24, 38] are MOOT.

**IT IS SO ORDERED** this 19th day of August, 2026.

Sara Hill

Sara E. Hill
UNITED STATES DISTRICT JUDGE

[2] Although the Court understands the United States is immune from suit in Oklahoma state court unless it consents to be sued, *Double LL Contractors, Inc. v. State ex rel. Okla. Dept. of Transp.*, 918 P.2d 34, 42 (Okla. 1996), it intervened in the state court action as a matter of right, under 12 O.S. 2024(A)(2) [ECF No. 17 at 4].